# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1535

_____

United States of America,       \*
       \*
       Appellee,       \*
       \*   Appeal from the United States
       v.       \*   District Court for the
       \*   District of Minnesota.
Leslie Stanley Fredrickson,       \*
       \*     [PUBLISHED]
       Appellant.       \*

_____

Submitted: October 28, 1999
Filed: November 15, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Leslie Stanley Fredrickson pleaded guilty to one count of making a false statement on a firearm application, in violation of 18 U.S.C. § 922(a)(6), and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). Over Fredrickson's objection, the district court[1] applied a four-level enhancement under U.S. Sentencing Guidelines Manual § 2K2.1(b)(5) (1998) for possessing the firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

with another felony offense. Fredrickson appeals, arguing that the court erred in applying the enhancement because he did not commit another felony offense and there was insufficient evidence that he intended to commit another felony offense.

Section 2K2.1(b)(5) requires the sentencing court to apply the enhancement "[i]f the defendant . . . possessed . . . any firearm . . . with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." "Felony offense" refers to "any offense (federal, state, or local) punishable by imprisonment for a term exceeding one year, whether or not a criminal charge was brought, or conviction obtained," "other than explosives or firearms possession or trafficking offenses." U.S. Sentencing Guidelines Manual § 2K2.1, comment. (nn.7, 18). "In connection with" means "that the firearm must have some purpose or effect with respect to," and "must facilitate, or have the potential of facilitating," another felony offense; "its presence or involvement cannot be the result of accident or coincidence." United States v. Regans, 125 F.3d 685, 686 (8th Cir. 1997) (quoted source and internal marks omitted), cert. denied, 118 S. Ct. 1398 (1998). We review for clear error the district court's finding regarding the defendant's purpose in possessing the firearm. See id.

This Guideline does not require the actual commission of another felony offense. See United States v. Dodge, 61 F.3d 142, 144, 146-47 (2d Cir.) (enhancement affirmed where defendant purchased gun, silencer, and explosives from confidential informant and undercover officer, having expressed intent to blow up building), cert. denied, 516 U.S. 969, 1000 (1995); see also United States v. Martin, 78 F.3d 808, 811-13 (2d Cir. 1996) (defendant sold large quantity of cheap, low-grade, easily-concealed handguns to three men, one of whom was from New York City; court rejected argument that enhancement requires defendant's knowledge of specific felony to be committed, concluded that defendant had reason to believe that guns would be resold on streets of New York and used to commit other felonies, and affirmed enhancement); United States v. Messino, 55 F.3d 1241, 1255-56 (7th Cir. 1995) (defendant sold gun and

silencer to confidential informant posing as drug dealer who told him that he was connected to local crime figures and was willing to commit murder, and defendant solicited CI to kill his ex-girlfriend; court rejected argument that enhancement requires defendant's knowledge of specific felony to be committed, and affirmed enhancement); United States v. Cutler, 36 F.3d 406, 407-08 (4th Cir. 1994) (affirming enhancement where defendant sold guns to his neighbor with reason to believe that they were being distributed to drug dealers and users, because § 2K2.1(b)(5) does not require defendant's knowledge of specific offense to be committed); United States v. Brewster, 1 F.3d 51, 53-55 (1st Cir. 1993) (affirming enhancement where undercover agent told defendant that he aspired to be drug dealer and needed gun to achieve goal, and defendant sold him drugs and guns).

We also conclude that sufficient evidence--specifically, the unobjected-to portions of the presentence report--supports the district court's determination that Fredrickson possessed the firearm with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony. Briefly summarized, the evidence included that during the prior six years, Fredrickson had fired a rifle near his 13-year-old son's head, inquiring whether his son thought he was crazy enough to shoot the boy and his mother; written numerous intimidating letters from prison to his ex-wife and others; violated the domestic abuse protective order which his ex-wife had obtained against him; stalked postal employees; and promptly obtained a shotgun each of the three times he was released from incarceration. Also, Allen Olson, a friend of Fredrickson's, testified that Fredrickson was angry and hostile and told him he wanted the gun to "shoot people."

The court noted at sentencing

I've given a fair amount of thought to the Government's argument for a four-point enhancement and what was to be intended with the firearm purchase that day. I guess I'm greatly troubled by the fact that three times

you have been released from prison, and on each occasion, within a period of just a matter of weeks, you've purchased a firearm, the last time using false identification. The temporal relationship of your release, when coupled with the anger that you have admitted that you feel, and the purchase of a gun are a – obviously a very dangerous situation, and one the Court is cognizant of and must give consideration to. I think in deciding to appropriately apply the four-point enhancement, the timing of the behavior in relationship to your release is as important to me as the testimony I've heard, which is – although it might be subject to two interpretations, is at least some circumstantial evidence of – of a dangerous intent with respect to the firearms.

Sentencing Transcript at 28-29.

In light of the evidence, the district court did not clearly err in applying the enhancement. Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.