# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3831
_____

United States of America,         *
                                     *

        Appellee,         *

                                     *   Appeal from the United States

      v.                   *   District Court for the

                                     *   District of Minnesota.

James Allen Martin,         *

                                     *   **[TO BE PUBLISHED]**

        Appellant.       *

_____

Submitted: October 7, 1999
Filed: November 18, 1999

_____

Before BEAM, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

James Allen Martin pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). He appeals his sentence of 52 months in prison and three years of supervised release, arguing the district court[1] erred in departing upward on the ground that Martin "committed the offense in order to facilitate or conceal the commission of another offense." U.S.S.G. § 5K2.9, p.s. We affirm.

_____

[1]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

We review district court departure decisions under the abuse of discretion standard of review. See Koon v. United States, 518 U.S. 81, 96-100 (1996). The district court based its decision to depart upward on the following undisputed facts. In 1991, Martin discharged a firearm after being discovered sitting in a car in front of the home of a woman he had harassed and stalked. A rope and duct tape were found in the car, and Martin admitted during a subsequent mental health examination that he broke into the woman's home with a handgun intending to kidnap, rape, and kill her. As a result of this conduct, Martin pleaded guilty in state court to two felony counts of second-degree assault. His prison sentence was later extended when he failed to complete a court-ordered psychological treatment program.

Martin was released from prison under supervised release on October 23, 1997. Two months later, he illegally purchased a semi-automatic twelve-gauge shotgun and violated a condition of his release by failing to return home. He was arrested on January 5, 1998. In Martin's car, police discovered the shotgun; a roll of duct tape; handcuffs; a box of ammunition; an extensive list of names and addresses including judges and prison officials; and a psychological evaluation and stolen court records relating to a female correctional officer he had harassed and intimidated while in prison. The district court found that Martin was a convicted felon who unlawfully possessed the shotgun under circumstances "very similar to earlier dangerous behavior." Therefore, the court departed upward under § 5K2.9 because he possessed the firearm "in order to facilitate the commission of another crime which fortunately did not occur."

On appeal, Martin argues the government failed to prove by a preponderance of the evidence that he possessed the shotgun to facilitate another offense. We disagree. Depending upon the circumstances, an upward departure under § 5K2.9 may be appropriate if the defendant intended to use the firearm to facilitate another felony offense but was arrested before the other offense was completed or attempted. See United States v. Culver, 929 F.2d 389, 392 (8th Cir. 1991). In this case, as the district court recognized, there is no evidence that Martin purchased the shotgun for a lawful

purpose. Instead, the circumstances in which the firearm was discovered persuasively evidence Martin's intent to use the weapon in committing a potentially violent felony against one or more persons. The only uncertainty was the identity of Martin's next victim and the precise nature of the offense he intended to commit.

Martin also argues the district court erred in departing upward under § 5K2.9 because his conduct is adequately taken into account elsewhere in the Guidelines. The offense level for unlawful firearm possession offenses is determined under U.S.S.G. § 2K2.1. That provision includes as a specific offense characteristic:

> If the defendant used or possessed any firearm . . . in connection with another felony offense; or possessed or transferred any firearm . . . with . . . intent . . . that it would be used or possessed in connection with another felony offense, increase by **4** levels. If the resulting offense level is less than level **18**, increase to level **18**.

§ 2K2.1(b)(5). Martin's presentence investigation report did not cite § 2K2.1(b)(5), and neither party pointed it out to the district court at sentencing. Martin's felon-in-possession offense -- which included the planning of one or more other offenses that he had no opportunity to complete or attempt -- appears to be encompassed by the plain meaning of the "would be used or possessed" language in § 2K2.1(b)(5). See United States v. Fredrickson, No. 99-1535 (8th Cir. Nov. 15, 1999). In that case, Martin was not prejudiced by the § 5K2.9 upward departure. His total offense level is seventeen; adding four levels under § 2K2.1(b)(5) puts him at level twenty-one. He is in criminal history category III, resulting in a sentencing range of 46 to 57 months. The 52-month sentence imposed by the district court is in the middle of that range.

Martin seeks to avoid this apparent absence of prejudice by arguing that § 2K2.1(b)(5) should be limited to situations in which the defendant possessed a firearm in connection with another offense that was completed or at least attempted.

But that interpretation does him no good, because then § 5K2.9 is a complementary Guidelines provision, covering situations in which the defendant was captured before he had an opportunity to attempt the other offense. We do not know whether the district court would have imposed a § 2K2.1(b)(5) upward adjustment instead of a § 5K2.9 upward departure had the issue been raised. But either way Martin's sentence would have been the same.

Counsel for Martin argued eloquently at sentencing that he has not actually harmed anyone and that mental health counseling and treatment would be more effective than lengthy incarceration. However, on this record the district court did not abuse its discretion in rejecting that argument and imposing a § 5K2.9 upward departure. The conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.