# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1721

———————

United States of America,          *
          *
      Appellee,      *
          *   Appeal from the United States
   v.            *   District Court for the
          *   Northern District of Iowa.
Billy Gene Howard,        *
          *
      Appellant.     *

———————

Submitted: November 19, 2004
Filed: June 28, 2005 (Corrected: 07/06/05)

———————

Before SMITH, BEAM, and BENTON, Circuit Judges.

———————

BENTON, Circuit Judge.

A jury convicted Billy Gene Howard on possession of a firearm, possession of stolen firearms, and use of methamphetamine while possessing a firearm, pursuant to 18 U.S.C. §§ 922(g)(1), 922(g)(3), 924(e), 922(j), and 924 (a)(2). Howard appeals the district court's[1] denial of his motions for judgment of acquittal and new trial, based on insufficient evidence. He also appeals the sentence, claiming the court imposed an improper offense level under the Armed Career Criminal Guidelines because he did not possess the firearm "in connection with" a burglary.

———————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

On January 5, 2005, this court affirmed, but stayed the mandate pending the Supreme Court's resolution of *United States v. Booker*, 543 U.S. --, 125 S. Ct. 738 (2005). *See* Administrative Order Regarding *Blakely* Cases, United States Court of Appeals for the Eighth Circuit, Sept. 27, 2004. This court now vacates the opinion of January 5, 2005, and files this substituted opinion, which adds this paragraph and Part III.

On January 14, 2002, Howard picked up his brother and his brother's girlfriend, Dawn Hanawalt, in order to assist his brother in avoiding an outstanding arrest warrant on methamphetamine charges. Hanawalt, working with law enforcement, disclosed their location to the Iowa Division of Narcotics Enforcement, and agreed to meet with Officer Jerry Spencer.

Hanawalt informed the officer they were staying in Room 51 of a local motel. During the meeting, the two saw Howard drive up in a van, step out, and pace around in front of the motel. With assistance from the local sheriff, Officer Spencer headed towards the motel room to arrest Howard's brother. Before entering, however, the officers arrested Howard, and during a pat-down found a key to Room 51 and drug paraphernalia.

Entering Room 51, the officers arrested Howard's brother and searched the room. Searching Howard's van pursuant to warrant, officers discovered a small amount of methamphetamine in the driver-side visor and two shotguns in the back of the van. The guns turned out to be stolen. No fingerprints were recovered from them.

At the close of the government's case, Howard moved for a judgment of acquittal, which the court denied. After trial, Howard sought a new trial, claiming insufficiency of evidence. The district court also denied this motion. At sentencing, the court accepted the Presentence Investigation Report, over Howard's objection, finding that he "possessed the firearms in connection with another felony offense on

-2-

August 24, 2001, when he participated in the burglary of a residence in Cedar Falls, Iowa." The court sentenced Howard to 300 months in prison (300 months for the felon-in-possession charge, and 120-month concurrent terms for each of the other two counts) based on an offense level of 34 under the Armed Career Criminal Guidelines, U.S.S.G. § 4B1.4(b)(3)(A).

## I.

Howard appeals the denial of his motions for judgment of acquittal and new trial, claiming the government failed to sufficiently prove he possessed the firearms, an element of all three counts. *See* **18 U.S.C. §§ 922(g)(1)**, **922(g)(3)**, **924(e)**, **922(j)**, and **924 (a)(2)**. This contention presents two issues, each with a distinct standard of review.

This court reviews de novo the denial of a motion for judgment of acquittal. ***United States v. Serrano-Lopez***, 366 F.3d 628, 634 (8th Cir. 2004). This court reverses

> only if no reasonable jury could have found the defendant guilty beyond a reasonable doubt. This standard is quite strict; we will not lightly overturn the jury's verdict. If the evidence rationally supports two conflicting hypotheses, the reviewing court will not disturb the conviction. [T]he government's evidence need not exclude every reasonable hypothesis of innocence.

*Id.* (alteration in original, internal quotations and citations omitted).

As to the motion for new trial, this court "will affirm a district court's ruling absent a 'clear and manifest abuse of discretion.'" ***United States v. Frank***, 354 F.3d 910, 916 (8th Cir. 2004), *quoting* ***United States v. Jiminez-Perez***, 238 F.3d 970, 974 (8th Cir. 2001). A district court grants a motion for new trial only if "the evidence

weighs heavily enough against the verdict that a miscarriage of justice may have occurred." *Id.*

Viewing the evidence most favorably to the government, this court finds that a reasonable juror would not have reasonable doubt as to Howard's possession of the shotguns. Possession may be actual or constructive. *See **United States v. Jackson***, 365 F.3d 649, 655 (8th Cir. 2004). Constructive possession requires that defendant "has dominion over the premises where the firearm is located, or control, ownership, or dominion over the firearm itself." *Id.* Although constructive possession may be established by circumstantial evidence alone, the government must show a sufficient nexus between the defendant and the firearm; mere proximity is insufficient. *Id.*

The government presented sufficient evidence linking Howard to the burglary of the shotguns. The owner of the guns testified that on August 24, 2001, he discovered that his home was burglarized and missing two shotguns. A neighbor testified to seeing a van in the neighborhood while jogging early the morning of August 23, later identifying Howard's van as identical to it.

Howard's burglary was corroborated by testimony from fellow inmates at the county jail. According to one inmate, Howard admitted that he and Brian Luchtenberg stole the two shotguns and put them in his van. Another inmate testified to overhearing this conversation, and that Howard would blame his brother for the burglary.

At trial, Howard testified he was unaware of the guns in the van, which were found under the back seat, covered by a blanket, not readily visible. Howard said he had seen the guns twice before, at the home of Luchtenberg, and in his brother's possession. He believed that his brother and a friend had stolen the guns from Luchtenberg and put them in his van without his knowledge.

-4-

A reasonable jury could disregard Howard's testimony as self-serving.  *See United States v. Ramirez-Jiminez*, 967 F.2d 1321, 1328 (8th Cir. 2004).  Howard erroneously claims that because no evidence contradicted his testimony, the jury improperly discredited his story.  A jury is not required to accept exculpatory testimony, even if unrebutted.  *Id.*

The government sufficiently connected Howard with the stolen guns.  The district court properly denied his motion for judgment of acquittal.  In addition, the evidence at trial does not weigh so heavily against the verdict that a miscarriage of justice occurred.  The district court's denial of the motions for acquittal and new trial are affirmed.

## II.

Howard also appeals the sentence, claiming that the court erred by assessing him an offense level of 34, because it is not authorized by U.S.S.G. § 4B1.4(b)(3)(A), which requires that the defendant "used or possessed the firearm . . . in connection with . . . a crime of violence."

Howard concedes that burglary is a crime of violence.  *See Jackson*, 365 F.3d at 653, *citing* **18 U.S.C. § 924(c)(3)**.  Howard contends only that the court improperly found that stealing a firearm during a burglary is possession "in connection with" a crime of violence.

The district court's interpretation of the sentencing guidelines itself is a pure legal question, subject to de novo review.  *United States v. Mathijssen*, 406 F.3d 496, 498 (8th Cir. 2005).  True, section 4B1.4(b)(3)(A) does not define the phrase "in connection with."  However, under section 2K2.1(b)(5) this court defines "in connection with" to mean

that a firearm [1] must have some purpose or effect with respect to and [2] must facilitate, or have the potential of facilitating another felony offense; its presence or involvement cannot be the result of accident or coincidence.

*United States v. Fredrickson*, 195 F.3d 438, 439-40 (8th Cir. 1999), *quoting United States v. Regans*, 125 F.3d 685, 686 (8th Cir. 1997) (internal quotations omitted, numbers added). In these cases, this court was following the Supreme Court's decision in *Smith v. United States*, 508 U.S. 223, 238 (1993).

In light of precedent, this court finds that "in connection with" means the same in section 4B1.4(b)(3)(A) as in section 2K2.1(b)(5). *See **United States v. Gary**, 74 F.3d 304, 317 (1st Cir. 1996); *see also **United States v. Hedger**, 354 F.3d 792, 795 (8th Cir. 2004) (stealing firearm from a gunshop justifies an enhancement under § 2K2.1(b)(5)); **United States v. Kenney**, 283 F.3d 934, 936-38 (8th Cir. 2004) (stealing firearm from parents' home justifies an enhancement under § 2K2.1(b)(5)).

After correctly interpreting the language of section 4B1.4(b)(3)(A), the district court made factual findings, which are reviewed for clear error. *See **Mathijssen**, 406 F.3d at 498. The evidence at trial and the grand jury testimony of Brian Luchtenberg (introduced at the sentencing hearing) support the court's findings that the shotguns were the object of the burglary and that Howard purposely took them. Luchtenberg described how he and Howard broke into the home and stole only the firearms and one piece of stereo equipment. According to Luchtenberg, Howard carried out one of the guns, still in its case, and put it in the van. Thus, the court correctly found the first prong of *Fredrickson* satisfied.

The evidence also supports the finding that the gun had the potential of facilitating the burglary. At any time during the burglary, Howard could brandish the gun or threaten injury or death, whether or not it was loaded. The gun's presence was neither accidental nor coincidental. *See **Fredrickson**, 195 F.3d at 439-40.

-6-

Accordingly, Howard was properly sentenced as an armed career criminal under U.S.S.G. § 4B1.4(b)(3)(A).

### III.

Howard claims his sentence violates the Sixth Amendment because the district court enhanced the sentence for possession of a firearm in connection with a crime of violence, based upon judicial findings of fact. Howard raises this issue for the first time on appeal. This court reviews for plain error. *See United States v. Pirani*, 406 F.3d 543, 549 (8th Cir. 2005) (en banc).

Applying the guidelines as mandatory, the district court made factual findings neither admitted by Howard nor found by a jury beyond a reasonable doubt – which violates the Sixth Amendment. *See Booker*, 125 S.Ct. at 756. Howard must prove the error affected his substantial rights. *See Pirani*, 406 F.3d at 552-53. He "must show a 'reasonable probability,' based on the appellate record as a whole, that but for the error he would have received a more favorable sentence." *Id.* at 552. Nothing in the record indicates the district court would have imposed a more favorable sentence absent the error. Thus, Howard is not entitled to plain-error relief.

The judgment of the district court is affirmed.

_____