# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-4159

_____

United States of America,                 *
                                           *
      Appellee,                       *
                                           *  Appeal from the United States
v.                                         *  District Court for the District
                                           *  of Minnesota.
Shawn Michael Olthoff,                     *
                                           *
      Appellant.                      *

_____

Submitted:  October 10, 2005
Filed:  February 8, 2006

_____

Before BYE, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

Michael Olthoff appeals the sentence imposed by the district court[1] following his guilty plea.  We affirm.

## I.   BACKGROUND

Between November 20 and December 2, 2003, Olthoff and an associate went on a crime spree, breaking into various homes and cars in Duluth, Minnesota, and

_____

[1]The Honorable David S. Doty, United States District Judge for the District of Minnesota.

stealing firearms. Based on these events, on April 22, 2004, Olthoff pleaded guilty to a one-count criminal information charging him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Olthoff's prior felony offense was burglary, a crime of violence, so his base offense level was adjusted upward on that basis. His offense level was also increased because he possessed firearms in connection with another felony offense–the burglaries he committed while on the "crime spree." After these adjustments, Olthoff's sentencing range was 110 to 120 months. Additionally, the government filed a motion under United States Sentencing Guidelines § 5K1.1, based upon Olthoff's substantial assistance to law enforcement.

After considering the guidelines range and the government's section 5K1.1 motion, the district court sentenced Olthoff to 92-months' imprisonment, three years of supervised release, and a mandatory $100 special assessment. Because Olthoff was sentenced post-Blakely[2] but before the Supreme Court decided United States v. Booker, 125 S. Ct. 738 (2005), the district court noted that if the guidelines were ultimately found to be unconstitutional by the Supreme Court, it would consider them advisory only, and would have sentenced Olthoff to the same sentence. Olthoff appeals, contending that the district court erred when it adjusted his offense up four levels for possessing firearms in connection with another felony offense, and by finding that his prior burglary conviction was a crime of violence. Finally, Olthoff argues the case should be remanded for resentencing in light of Booker.

II.    DISCUSSION

After Booker, we review de novo the interpretation and application of the guidelines, and we review the district court's factual findings for clear error. United States v. Mashek, 406 F.3d 1012, 1017 (8th Cir. 2005).

---

[2]Blakely v. Washington, 124 S. Ct. 2531 (2004).

Firearm Enhancement

The Sentencing Guidelines impose a four-level enhancement for a felon in possession of a firearm if the defendant "used or possessed any firearm or ammunition in connection with another felony offense." United States Sentencing Guidelines § 2K2.1(b)(5). The phrase "in connection with" means that the firearm must actually facilitate the other felony offense and not be merely present by accident or coincidence. United States v. Fredrickson, 195 F.3d 438, 439-40 (8th Cir. 1999). Olthoff argues that he should not have received this enhancement because his factual scenario does not meet the Fredrickson standard. While Olthoff admitted in his plea agreement that he illegally possessed firearms as a felon after he had stolen them, he argues that the firearms in no way facilitated the felony burglary.

Our precedent belies Olthoff's argument. In United States v. Howard, 413 F.3d 861 (8th Cir. 2005), we held that a similar[3] gun enhancement was properly imposed where the defendant committed burglary and stole a shotgun–the primary object of the crime. We found that the stolen gun had the potential of facilitating the burglary because "[a]t any time during the burglary, [defendant] could brandish the gun or threaten injury or death, whether or not it was loaded." Id. at 865. See also United States v. Hedger, 354 F.3d 792, 795 (8th Cir. 2004) (holding that stealing a firearm from a gun shop justified the enhancement). Like the Howard defendant, Olthoff could have brandished the weapons that he stole at any point during the burglaries. Accordingly, we find that the district court correctly applied this enhancement.

---

[3]Howard involved the enhancement in U.S.S.G. § 4B1.4(b)(3)(A), which requires that the defendant "used or possessed the firearm . . . in connection with . . . a crime of violence." In Howard, we held that using a firearm in connection with a particular crime could be analyzed the same way for purposes of section 4B1.4(b)(3)(A) and section 2K2.1(b)(5). 413 F.3d at 865.

Crime of Violence

Olthoff next argues that his prior felony conviction for third-degree burglary in Minnesota should not be construed as a "crime of violence" for sentencing purposes. In the spring of 2003, Olthoff broke into the then-unoccupied Lutsen Mountain Ski Resort ticket office and stole a safe. Burglarizing a commercial building is a crime of violence. United States v. Peltier, 276 F.3d 1003, 1006 (8th Cir. 2002). Furthermore, even if this unoccupied structure was somehow not considered a commercial building, we have repeatedly held that felony burglary is a crime of violence, regardless of whether the burglary involved intent to harm or actual harm to individuals. E.g., United States v. Mathijssen, 406 F.3d 496, 499 (8th Cir. 2005). Olthoff's attempt to distinguish his burglary in the face of our precedent is unavailing.

Resentencing after *Booker*

Finally, Olthoff argues that he should be resentenced in light of Booker and challenges the reasonableness of his sentence. As noted above, the district court sentenced Olthoff post-Blakely and pre-Booker. Uncertain about the future of the guidelines, the district court calculated Olthoff's mandatory guidelines sentence, but also announced that even if the guidelines were ultimately found to be unconstitutional, he would have given Olthoff the same sentence under an advisory regime. Olthoff correctly preserved his Booker issue at sentencing, and we therefore review for harmless error, with the government bearing the burden of proof. United States v. Mendoza-Mesa, 421 F.3d 671, 672-73 (8th Cir. 2005). Because the error was not of constitutional magnitude,[4] the government must prove that there is no "grave doubt" as to whether the error substantially influenced the outcome of the proceedings. United States v. Haidley, 400 F.3d 642, 644-45 (8th Cir. 2005). Based

---

[4]As noted in the previous section, Olthoff admitted the factual allegations which supported the enhancement. United States v. Alvarado-Rivera, 412 F.3d 942, 946 n.3 (8th Cir. 2005) (en banc), cert. denied, 74 U.S.L.W. 3392 (Jan. 9, 2006).

on the district court's pronouncement, we find that the government can meet its burden in this case. We have no grave doubt that the district court's ultimate sentence would have been the same had it been laboring under the advisory scheme established in Booker. The district court expressly said that it would, despite defense counsel's entreaties for a lower advisory sentence. The district court's error in applying the mandatory guidelines was harmless.[5]

Olthoff next argues that his sentence was unreasonable because the district court did not explicitly address the sentencing factors listed in 18 U.S.C. § 3553(a). "A district court's ruling may be unreasonable if it fails to consider a relevant factor that should have received significant weight, gives significant weight to an improper or irrelevant factor, or considers only appropriate factors but nevertheless commits a clear error of judgment by imposing a sentence that lies outside the limited range of choice dictated by the facts of the case." United States v. Dieken, 432 F.3d 906, 909 (8th Cir. 2006).

We do not think the district court's sentence is plagued by any of the foregoing pitfalls. And to the extent that Olthoff argues the district court was required to "categorically rehearse" the factors in section 3553(a), we disagree. Id. In comparing the sentencing transcript with section 3553(a), we find that the district court had those factors in mind when sentencing Olthoff. At several points in the transcript the district court referred to Olthoff's relatively young age, and his hope that Olthoff could use his time in prison productively and start anew when released. See 18 U.S.C. § 3553(a)(1) & (2)(D). The court also noted the severity of the crime in deciding where in the spectrum to place the final sentence. Id. § 3553(a)(2)(A). In sum, we find that the district court properly considered the relevant factors, and that Olthoff's ultimate 92-month sentence was reasonable.

------

[5]Olthoff's pending motion for remand for resentencing is denied.

## III.  CONCLUSION

We affirm the district court.

_____