# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3607

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| William Lamont Scurry, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: March 26, 2009
Filed: April 10, 2009

_____

Before WOLLMAN, MURPHY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

William Scurry appeals the 180-month sentence the district court[1] imposed after he pleaded guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). On appeal, counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing that the court erred by classifying Scurry's third-degree burglary conviction in South Carolina as a violent felony for purposes of determining armed-career-criminal (ACC) status under section 924(e).

---

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska.

Upon de novo review, see United States v. Armstrong, 554 F.3d 1159, 1162 (8th Cir. 2009), we conclude that the conviction qualifies as a violent felony. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" in relevant part as "burglary"); S.C. Code Ann. § 16-11-313 (defining third-degree burglary as entry into building without consent and with intent to commit crime therein); Taylor v. United States, 495 U.S. 575, 598, 602 (1990) (offense is "burglary" for purposes of § 924(e) if statutory definition substantially corresponds to definition of "generic burglary," i.e., "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime"; court must look only to statutory definition and not underlying facts); United States v. Olthoff, 437 F.3d 729, 732 (8th Cir. 2006) (conviction for third-degree burglary of unoccupied commercial building was "crime of violence" under Guidelines); United States v. Spudich, 510 F.3d 834, 836 (8th Cir. 2008) (because Guidelines definition of "crime of violence" is nearly identical to statutory definition of "violent felony," same analysis applies).

After reviewing the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw on condition that counsel inform appellant about the procedures for filing petitions for rehearing and for certiorari.

_____