# United States Court of Appeals

### For the Eighth Circuit

_____

No. 11-2801

_____

United States of America

*Plaintiff - Appellee*

v.

Keith Dwayne Moore

*Defendant - Appellant*

_____

No. 11-2802

_____

United States of America

*Plaintiff - Appellee*

v.

Keith Dwayne Moore

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Missouri – Cape Girardeau

_____

Submitted: November 26, 2012
Filed: March 22, 2013
[Unpublished]

_____

Before MELLOY, SMITH, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

These appeals are before the Court after we remanded the case to the district court[1] for an explanation of a prior sentence imposed on defendant Keith Moore. United States v. Moore, 683 F.3d 927, 932 (8th Cir. 2012). On remand, the district court amended Moore's sentence. Moore again appeals, and we now affirm.

Moore pleaded guilty to one count of attempting to manufacture methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846, one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and one count of attempting to escape from custody in violation of 18 U.S.C. § 751(a). The district court found a total offense level of 32, which corresponds with a U.S. Sentencing Guidelines Manual ("Guidelines") range of 210–262 months' imprisonment.[2] See Moore, 683 F.3d at 929. The district court then sentenced Moore to a prison term of 264 months without providing any explanation for the two-month upward variance from the Guidelines range.

_____

[1]The Honorable Carol E. Jackson, United States District Judge for the Eastern District of Missouri.

[2]In finding an offense level of 32, the district court considered Moore's status as an armed career criminal pursuant to 18 U.S.C. § 924(e)(1) and Guidelines § 4B1.4, as well as Moore's acceptance of responsibility pursuant to Guidelines § 3E1.1(a). See Moore, 683 F.3d at 929.

In Moore's appeal of his 264-month sentence, we considered and rejected Moore's arguments regarding (1) the applicable base offense level, (2) the district court's refusal to reduce his offense level based on the timeliness of his notice of intent to plead guilty, and (3) the district court's decision to impose an upward variance of his sentence without advance notice. Id. at 929–31. Moore also appealed the substantive reasonableness of his sentence. On the reasonableness issue, we remanded the case to the district court for an explanation of its two-month upward variance from the Guidelines range. Id. at 931–32. On remand, the district court stated that "it was not the intention of the Court to impose a sentence above the guideline range of 210–262 months. The Court misspoke in imposing a sentence of 264 months' imprisonment. . . . The aggregate term of imprisonment [for the three counts] that the Court intended to impose is 262 months."

Moore now appeals the substantive reasonableness of his 262-month sentence. Moore's principal argument is that a sentence at the upper limit of the Guidelines range is not warranted due to how far removed temporally he is from his prior convictions for violent crimes, as well as his current age.[3] We review the substantive reasonableness of a sentence under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); see United States v. Chappell, 704 F.3d 551, 553 (8th Cir. 2013) ("[I]t will be the unusual case when we reverse a district court sentence as substantively unreasonable."). Where the sentence imposed is within the Guidelines range, we accord it a presumption of reasonableness on appeal. United States v. Bauer, 626 F.3d 1004, 1010 (8th Cir. 2010).

After a careful review of the record, we find no error in the district court's decision to sentence Moore to a prison term of 262 months. At the sentencing hearing, the district "consider[ed] [Moore's] history and characteristics based on the information that's in the Presentence Report and Sentencing Memorandum," and

---

[3]Moore is fifty-two years old.

noted Moore's "unenviable history of criminal activity" that "resulted in at least one individual being shot and a couple of others being stabbed." Based on Moore's prior criminal conduct, the district court determined that Moore "present[s] . . . a very serious risk of danger to the public."

We have previously rejected defendants' contentions that their sentences were unreasonable due to district courts' consideration of their prior convictions, see, e.g., United States v. Reynolds, 643 F.3d 1130, 1135–36 (8th Cir. 2011) ("Although his prior convictions were from the 1970s and 1980s . . . . [t]he district court . . . acted within its discretion when it considered Reynolds's criminal history."); United States v. Dembry, 535 F.3d 798, 801–02 (8th Cir. 2008) (affirming length of sentence even though predicate felonies rendering defendant an armed career criminal occurred when defendant was eighteen years old), and we find no reason to reach a different result in this case. We likewise reject Moore's argument that his current age compels this Court to determine that his sentence was unreasonable. See United States v. Wilder, 597 F.3d 936, 946–47 (8th Cir. 2010) (noting the "wide discretion" given to the sentencing court and stating that "the court is not required to grant leniency to older defendants").

Accordingly, we affirm the district court's sentence of 262 months' imprisonment.

_____