[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14605
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00544-WKW-GMB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LEMUEL GAY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(August 21, 2018)

Before JORDAN, BRANCH, and FAY, Circuit Judges.

PER CURIAM:

Lemuel Gay pled guilty to being a felon in possession of a firearm and ammunition, *see* 18 U.S.C. § 922(g)(1), and was sentenced to 84 months' imprisonment. He challenges only his sentence, arguing that the district court erred in calculating the advisory guideline range and in imposing a substantively unreasonable sentence.

Mr. Gay's appeal raises a question of first impression in our circuit: Does U.S.S.G. § 2K2.1(b)(6)(B)—which provides a four-level enhancement when a defendant "used or possessed any firearm or ammunition in connection with another felony offense"—apply when that "felony offense" is only potential and had not actually occurred? Several of our sister circuits have concluded that § 2K2.1(b)(6)(B) does apply in such a circumstance. *See United States v. Noster*, 590 F.3d 624, 635–36 (9th Cir. 2009) (holding that the enhancement applies so long as the defendant "formed a firm intent to use gun for a felonious purpose" and that the "plan to commit the felony need not be fully developed") (quoting *United States v. Jimison*, 493 F.3d 1148, 1149 (9th Cir. 2007)); *United States v. Fredrickson*, 195 F.3d 438, 440 (8th Cir. 1999) (noting that the guideline provision "does not require the actual commission of another felony offense"); *United States v. Dodge*, 61 F.3d 142, 146 (2d Cir. 1995) (holding that the enhancement, then codified as § 2K2.1(b)(5), "does not require knowledge of the specific offense to be committed . . . nor does it require that the defendant be convicted of another

felony offense"). At sentencing, the district court recognized the lack of authority in our circuit, but held that the four-level enhancement § 2K2.1(b)(6)(B) applied to potential felony offenses—here, a potential assault or other felony given Mr. Gay's statement to police that he brought two guns to "settle" a dispute. *See* D.E. 49 at 14.

Whether § 2K2.1(b)(6)(B) applies to potential offenses is an important issue that we should address in a published opinion in the appropriate case, but we need not resolve it here. Nor, assuming it applies, do we decide whether there was sufficient evidence of a potential offense in this case. Those issues are "unnecessary for us to decide . . . [because] . . . a decision either way will not affect the outcome of this case. We know it will not because the district court told us that the enhancement made no difference to the sentence it imposed." *United States v. Keene*, 470 F.3d 1347, 1348 (11th Cir. 2006). As the district court stated, Mr. Gay's 84-month sentence "would have been given had the four-level [ ] objection been sustained." D.E. 49 at 27. *See also id.* at 14 ("[T]he sentence that I give him [ ] is a reasonable, I believe, sentence irrespective of whether these four levels applied.").

Given the district court's statements that it would have imposed the same sentence, we need only determine whether Mr. Gay's sentence is reasonable. "In determining whether it is reasonable we must assume that there was a guidelines

error—that the guidelines issue should have been decided in the way the defendant argued and the advisory range reduced accordingly—and then ask whether the final sentence resulting from consideration of the § 3553(a) factors would still be reasonable." *Keene*, 470 F.3d at 1349.  Under our abuse of discretion standard, *see Gall v. United States*, 552 U.S. 38, 46 (2007), we affirm.

Assuming the enhancement should not have applied, Mr. Gay's advisory guideline range would have been 46 to 57 months, so his 84-month sentence amounted to an upward variance of 27 months.  On this record, we conclude that the district court's "justification for the variance [was] sufficiently compelling to support the degree of variance." *United States v. Moran*, 778 F.3d 942, 983 (11th Cir. 2015) (quotation omitted).

The district court explained its application of the § 3553(a) factors at length. Specifically, it took into account Mr. Gay's serious criminal history—which includes two counts of attempted murder for "shooting people in an occupied vehicle," D.E. 49 at 27—and noted that Mr. Gay continued to make poor choices for the instant offense by "get[ting] two guns" and being involved in a fight, *id*. at 23.  The district court also explained that the sentence would promote respect for the law due to Mr. Gay's repeated disciplinary violations while in prison, *id*. at 27, and would also promote public safety, *id*. at 24.  The district court's concern for the seriousness of Mr. Gay's criminal history, his propensity for recidivism, and

4

public safety sufficiently justify the upward variance of 27 months. *See, e.g., Moran*, 778 F.3d at 983–84 (affirming upward variance where district court determined that the defendant's criminal history category understated the seriousness of his criminal history); *United States v. Martinez-Gonzalez*, 663 F.3d 1305, 1311 (11th Cir. 2011) (affirming reasonableness of sentence because the district court found defendant's "history of arrests and convictions was compelling evidence of his propensity to recidivate") (alterations adopted).

Mr. Gay contends that the district court did not adequately consider his troubled upbringing and young age. To the contrary, the district court explicitly considered these factors and took them into account by fashioning a partially concurrent sentence (to his state attempted murder charges) to ensure that Mr. Gay would not be in prison beyond 2030. *See* D.E. 49 at 25–26 (explaining decision to run sentence partially concurrent as permitted by § 5G1.3). *See also id*. at 27 ("I've also taken into consideration your upbringing and background."). The district court's decision to weigh the seriousness of Mr. Gay's criminal conduct and public safety more heavily than these mitigating factors was well within its discretion. *See United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014) ("The district court must evaluate all of the § 3553(a) factors, but it may attach great weight to one factor over others."); *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a

matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors.") (alterations adopted).

For the foregoing reasons, we affirm Mr. Gay's sentence.

**AFFIRMED.**