# United States Court of Appeals
## For the Eighth Circuit

_____

No. 25-3425

_____

United States of America

*Plaintiff - Appellee*

v.

Otis Rollins, Jr.

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Western

_____

Submitted: June 12, 2026
Filed: June 17, 2026
[Unpublished]

_____

Before GRUENDER, BENTON, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Otis Rollins, Jr. appeals the judgment of the district court[1] entered upon a jury verdict finding him guilty of two counts of making a false statement during the

_____

[1]The Honorable Stephen H. Locher, United States District Judge for the Southern District of Iowa.

purchase of a firearm from a licensed firearm dealer, one count in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2); and a second count in violation of 18 U.S.C. § 924(a)(1)(A). Rollins's counsel has filed a brief under *Anders v. California*, 386 U.S. 738 (1967), challenging the district court's denial of his motion for judgment of acquittal or a new trial, and the reasonableness of the sentence imposed.

The evidence presented at Rollins's trial included the testimony of employees of Bass Pro Shops, a licensed firearms dealer in Council Bluffs, Iowa, that Rollins presented his photo identification and completed an ATF Form 4473 on a touchscreen laptop in relation to purchasing a Ruger .380 caliber pistol on November 23, 2024. Rollins stipulated that, at the time, he knew that he had been convicted of a felony, that he was an unlawful user of a controlled substance, that he was subject to a court order restraining him from harassing a child, and that he had been convicted of a misdemeanor crime of domestic violence, all contrary to his responses to questions on the form asking about those firearm-purchasing disqualifiers. In light of this and other evidence, we conclude that the district court did not err in denying Rollins's motion for judgment of acquittal, or abuse its discretion in denying his alternative request for a new trial. *See* 18 U.S.C. §§ 922(a)(6), 924(a)(1)(A); *United States v. Howard*, 413 F.3d 861, 863-64 (8th Cir. 2005) (reviewing de novo the denial of a motion for judgment of acquittal; reviewing for clear and manifest abuse of discretion the denial of a motion for a new trial).

We also conclude that the district court did not abuse its discretion or impose an unreasonable within-guidelines 30-month prison sentence after weighing the relevant factors. *See United States v. Feemster*, 572 F.3d 455, 461-62 (8th Cir. 2009) (en banc) (reciting deferential standard of review); *see also United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008) (on appeal, reviewing court may presume sentence within properly calculated guidelines range is reasonable).

Having reviewed the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and having found no nonfrivolous issues, we affirm the district court's judgment and grant counsel leave to withdraw.

———————————————