# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1412

_____

| | | |
|---|---|---|
| United States of America | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for District |
| v. | * | of Nebraska |
| | * | |
| Lynn J. Replogle | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: June 14, 2002

Filed:   August 30, 2002

_____

Before RILEY, BEAM, and MELLOY, Circuit Judges.

_____

MELLOY, Circuit Judge.

Lynn J. Replogle, having entered a conditional guilty plea and having received sentence, now exercises his reserved right to appeal the district court's[1] denial of a motion to suppress physical evidence.  Mr. Replogle also appeals the district court's

_____

[1]The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska, adopting the report and recommendation of United States Magistrate Judge David Piester.

denial of his motion for reconsideration and motion to vacate his conditional guilty plea. We review the denial of a motion to suppress de novo but review underlying factual determinations for clear error, giving "due weight" to the inferences of the district court and law enforcement officials. United States v. Wheat, 278 F.3d 722, 725-26 (8th Cir. 2001).

Law enforcement officials accompanied by Mr. Replogle's Nebraska Probation Officer seized evidence during an unconsented and warrantless search of a house under Mr. Replogle's possession and control. The district court correctly determined that no search warrant was required because the search was conducted pursuant to Mr. Replogle's Nebraska Order of Probation. The terms of Mr. Replogle's probation required him to grant probation officers and accompanying law enforcement officials consent to search property under his ownership, possession, or control. Mr. Replogle argues that, upon his refusal to consent to the search in this case, officials could have revoked his probation, but could not rightfully carry out the search. The district court rejected this argument, finding that warrantless search requirements in probation orders are generally considered reasonable, United States v. Vincent, 167 F.3d 428, 431 (8th Cir. 1999), and that the requirement to grant consent did not actually impose on the probation officer a duty to obtain consent. The district court also correctly determined that the search was conducted for a probationary purpose and not merely for investigative purposes under the pretense of furthering the goals of probation.

Finding no clear error in the factual determinations of the district court, and concurring in the district court's legal analysis based on those facts, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT