# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3578

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Edward Keith Dembry, also known as | * | |
| Edward Keith, also known as Edward | * | |
| Wilson, | * | |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 10, 2008
Filed:  July 28, 2008

_____

Before MURPHY, BYE, and SHEPHERD, Circuit Judges.

_____

MURPHY, Circuit Judge.

Edward Dembry was found guilty of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1).  The district court sentenced him under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), to 265 months imprisonment.  He now appeals, challenging a pretrial suppression ruling by the district court[1] and the reasonableness of his sentence.  We affirm.

_____

[1] The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

## I.

On the night of August 27, 2006, Officer Doug Roling and Sergeant Douglas Carden of the Coralville, Iowa Police Department were conducting a foot patrol of apartment buildings where there had been an increase in drug activity and violence. As the officers were standing outside one, Officer Roling saw a black male leave the building, make eye contact with the officers, and run back inside. The black male was later identified as Edward Dembry. Roling followed in pursuit and saw Dembry reach behind his back when he was halfway up an interior stairway and pull a handgun from under his shirt. The chase continued up the rest of the stairwell and onto a landing where Roling saw Dembry make a motion towards a nearby wooden locker and heard a sound like metal striking wood. Dembry then walked back towards Roling with his hands raised.

Sergeant Carden caught up with them, and Roling asked him to watch Dembry while he inspected the lockers. In one of them Roling found a .40 caliber semi-automatic handgun. Sergeant Carden placed Dembry under arrest and searched him. He found a loaded .40 caliber magazine in Dembry's front pocket. A subsequent consensual search of Dembry's apartment uncovered a box of .40 caliber ammunition, a .40 caliber magazine, and a holster.

Dembry was indicted for being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). The indictment also sought criminal forfeiture of the firearm and ammunition connected to his arrest, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c). A forfeiture order was later entered by the court. Dembry moved to suppress the firearm and ammunition because of insufficient probable cause for his arrest in violation of the Fourth Amendment. A magistrate judge conducted an evidentiary hearing and issued a recommendation that the motion be denied. Over Dembry's objection, the district court adopted the recommendation and denied the motion to suppress. Prior to this ruling Dembry filed

a motion to suppress incriminating statements he made after his arrest. Following a hearing the district court denied the second motion, and the case proceeded to trial.

At trial Dembry moved for judgment of acquittal at the close of the government's case. After the motion was denied, Dembry chose not to present any evidence and the case was submitted to the jury. Following half an hour of deliberation the jury unanimously found Dembry guilty of possessing ammunition but not of possessing the firearm found by Officer Roling.

At sentencing Dembry argued that he should not be sentenced under the ACCA because his drunk driving convictions should not count as predicate violent offenses and one of his three robbery convictions had not been counseled. The government introduced evidence establishing that Dembry had been represented during that robbery prosecution, however. The district court determined that his three prior robbery convictions and two prior felony drunk driving convictions all qualified as violent felonies under the ACCA and that 18 U.S.C. § 924(e) required a mandatory minimum sentence of fifteen years. Armed career criminal status also elevated Dembry's advisory guideline offense level to 33 and his criminal history category to VI consistent with United States Sentencing Guidelines Manual (U.S.S.G.) § 4B1.4. The resulting advisory guideline range was 235-293 months.

Dembry requested a variance from the guideline range based on the factors listed in 18 U.S.C. § 3553(a). The district court indicated that it might have varied from the sentencing guidelines had the robberies Dembry committed at age eighteen been the only blemishes on his record, but it declined to do so in light of numerous subsequent convictions. After taking the § 3553(a) factors into account, the court determined that a sentence within the advisory guideline range was appropriate and sentenced him to 265 months.

Dembry appeals. He argues that the district court erred in denying his motion to suppress evidence obtained through an illegal search. Additionally, he argues that his classification as an armed career criminal with its sentencing consequences under U.S.S.G. § 4B1.4 is unreasonable. While a district court's denial of a motion to suppress is reviewed *de novo*, the court's underlying factual findings are reviewed for clear error, affording "due weight to the inferences of the district court and law enforcement officials." United States v. Anderson, 339 F.3d 720, 723 (8th Cir. 2003)(quoting United States v. Replogle, 301 F.3d 937, 938 (8th Cir. 2002)).

Dembry argues that it was clear error for the district court to adopt the fact findings of the magistrate judge and to accept Officer Roling's testimony that he saw Dembry remove a firearm from his clothing. Dembry contends that probable cause for his arrest was completely dependent upon Officer Roling's observations and his inconsistent testimony, and that the district court erred in relying on it to find probable cause and deny the motion to suppress. Dembry also suggests that the lack of a guilty verdict for possessing the firearm should influence this court's assessment of whether there was probable cause and whether the district court erred in its pretrial rulings.

An officer has probable cause to make a warrantless arrest when circumstances would lead a reasonable person to believe a defendant has committed or is in the midst of committing an offense. See United States v. Torres-Lona, 491 F.3d 750, 755-56 (8th Cir. 2007) (citing Beck v. Ohio, 379 U.S. 89, 91 (1964)). In this case officers observed Dembry running away from them in an area known for criminal activity. The district court accepted Officer Roling's testimony that he saw Dembry with a gun and his attempt to dispose of it. The evidence supports the findings, and the credibility determinations of the district court are entitled to deference. See United States v. Guel-Contreras, 468 F.3d 517, 521 (8th Cir. 2006) (holding that credibility determinations are "virtually unassailable on appeal")(quoting United States v.

Rodriguez, 414 F.3d 837, 845 (8th Cir. 2005)). In light of the circumstances surrounding their interaction with Dembry, it was reasonable for Officer Roling and Sergeant Carden to believe he was committing a crime and there was thus probable cause to arrest and search him.

The fact that the jury did not find Dembry guilty of possessing the firearm does not invalidate the district court's pretrial findings of probable cause and admissibility. See United States v. Mendoza, 421 F.3d 663, 667 (8th Cir. 2005) (holding that "police need not have amassed enough evidence to justify a conviction prior to making a warrantless arrest"). The preponderance of evidence standard for pretrial rulings is lower than the reasonable doubt standard required for a jury to convict. We find no clear error in the district court's determination that there was probable cause or in its denial of Dembry's motion to suppress.

Dembry also challenges his 265 month sentence, arguing that application of the ACCA with its consequences overstated the seriousness of his criminal history. He contends correctly that drunk driving felonies do not count as predicate offenses under the ACCA since the Supreme Court's decision in Begay v. United States,128 S. Ct. 1581 (2008), and he argues that the court should have varied downward in consideration of the § 3553(a) factors and because his three robbery offenses occurred in 1981 when he was only eighteen years old. See United States v. Boss, 493 F.3d 986, 987 (8th Cir. 2007) (holding that a district court abuses its sentencing discretion if it fails to consider a relevant factor that should have received significant weight). Reasonableness of a sentence is reviewed for abuse of discretion. United States v. Bonahoom, 484 F.3d 1003, 1005 (8th Cir. 2007). Because Dembry's sentence was within the advisory guideline range of 235-293 months it is presumptively reasonable. See United States v. Lincoln, 413 F.3d 716, 717 (8th Cir. 2005).

While the district court relied on circuit precedent in treating Dembry's drunk driving convictions as violent felonies for ACCA purposes, that has been shown to be

error by the intervening Supreme Court decision in <u>Begay</u>. 128 S. Ct. at 1583. There, the Court held that felony drunk driving offenses are not violent felonies within the meaning of 18 U.S.C. § 924(e)(1). <u>Id.</u> Dembry nonetheless qualifies as an armed career criminal because his three robbery convictions still qualify as predicate violent felonies (one was for armed robbery). <u>See</u> 18 U.S.C. § 924(e) (listing burglary, arson, extortion, or use of explosives as violent felonies and otherwise classifying a violent felony as one that is punishable by imprisonment for a term exceeding one year and has an element of use, attempted use, or threatened use of physical force against the person of another).

Dembry does not contend that he did not qualify as an armed career criminal, but instead argues he is entitled to a downward variance because the remaining predicate felonies were all committed at age eighteen making punishment under the ACCA and U.S.S.G. § 4B1.4 unreasonably harsh for him. The district court disagreed, concluding armed career criminal status did not overstate Dembry's criminal history since he had "as long of a criminal history as I have seen," with numerous convictions coming after his predicate offenses. The court also observed that Dembry displayed no remorse for what he had done. Before finding that a sentence in the middle of the advisory guideline range was reasonable under the circumstances, the court expressly addressed each of the § 3553(a) factors. We conclude that his sentence was reasonable under all the circumstances.

For these reasons we affirm the judgment of the district court.
_____