# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2316

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| William Charles Brown, Jr., | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: October 14, 2008
Filed:  December 22, 2008

_____

Before MELLOY, BEAM and GRUENDER, Circuit Judges.

_____

GRUENDER, Circuit Judge.

After police officers found a gun in his vehicle, William Brown, Jr., was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  He pled guilty to the charge, and the district court[1] sentenced Brown to 37 months' imprisonment.  Brown appeals, arguing that the district court erred in denying his motion to suppress and in finding that Brown's previous conviction for aiding a felon in the commission of an aggravated robbery was a crime

_____

[1] The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

of violence under the advisory sentencing guidelines. For the reasons discussed below, we affirm.

## I.      BACKGROUND

On June 6, 2007, Detectives Gary Knapp, Rod Gentry and Doug Roberts were in a Kansas City, Missouri gun shop called Denny's Guns when they observed William Brown, Jr., enter the store. Brown approached the store clerk and asked for a magazine or a clip for a "Tec 9," which referred to an Intertec 9 millimeter, a semiautomatic firearm. After the store clerk gave Brown a magazine, Brown removed a gun from his pants' pocket to check if the magazine would fit. The magazine did not fit the gun, so Brown put the gun back into his pants' pocket. Brown then left the store and got into a vehicle.

All three officers believed Brown appeared to be too young to have a permit to carry a concealed weapon. Missouri law requires individuals to be at least twenty-three years of age to obtain a concealed weapons permit. The officers followed the vehicle in which Brown was traveling while they called to ask another police officer to check the vehicle for the gun. The officers did not pull Brown's vehicle over themselves because they were traveling in an undercover car. Detective Knapp testified that he and the other detectives knew the gun must still be in Brown's vehicle because they did not see the gun thrown out of the vehicle as they followed it. Another police officer responding to the detectives' call pulled over Brown's vehicle, and the gun was found in the vehicle's trunk. At the time of the stop, Brown was twenty-two years old.

A grand jury charged Brown with possessing a firearm after being convicted of a felony in violation of §§ 922(g)(1) and 924(a)(2).[2] Brown filed a motion to suppress the evidence resulting from the search of his vehicle. He argued that both the initial stop and the search of the trunk violated the Fourth Amendment. The district court denied the motion, finding that no constitutional violation occurred in either the initial stop or the subsequent search. Brown entered a conditional guilty plea, reserving the right to appeal the denial of his motion to suppress.

At sentencing, the district court determined that Brown's 2005 Kansas conviction for aiding a felon in the commission of an aggravated robbery qualified as a crime of violence under United States Sentencing Guidelines § 2K2.1(a)(4)(A), resulting in a base offense level of 20. The district court granted Brown a three-level reduction for acceptance of responsibility and determined that his criminal history category was IV, resulting in an advisory guidelines range of 37 to 46 months' imprisonment. The district court sentenced Brown to 37 months' imprisonment. Brown appeals the district court's denial of his motion to suppress and its determination of his advisory guidelines range.

## II.    DISCUSSION

We first address Brown's argument that the district court erred by denying his motion to suppress. When reviewing a district court's denial of a motion to suppress, we review the district court's legal conclusions de novo and its factual findings for clear error. *United States v. Stevens*, 439 F.3d 983, 987 (8th Cir. 2006).

---

[2] Brown had three prior felony convictions: attempted possession of cocaine, possession of drugs without a tax stamp, and aiding a felon in the commission of an aggravated robbery.

Brown contends that the officers violated his Fourth Amendment rights because they lacked reasonable suspicion to make the initial stop of the vehicle. An officer may conduct an investigative stop of a vehicle if he has "a reasonable suspicion the vehicle or its occupants are involved in criminal activity." *United States v. Bell*, 480 F.3d 860, 863 (8th Cir. 2007). We consider the totality of the circumstances when determining whether the particular facts known to the officer supplied an "objective and particularized basis for a reasonable suspicion of criminal activity." *United States v. Maltais*, 403 F.3d 550, 554 (8th Cir. 2005).

The record in this case establishes that Detectives Knapp, Gentry and Roberts observed Brown pull a gun out of his pants' pocket and that, based on their law enforcement training and experience and their observation of Brown, they believed Brown was too young to obtain a permit to carry a concealed weapon. *See* Mo. Rev. Stat. § 571.101.2(1) (requiring concealed weapon permit holders to be at least twenty-three years of age). Thus, because the officers believed that Brown was too young to obtain a permit to carry a concealed weapon, they suspected that he was committing the Missouri crime of unlawful use of a weapon. *See* Mo. Rev. Stat. § 571.030.4. Based on the particular facts known to the officers at the time of the initial stop of the vehicle, we conclude that they had reasonable suspicion that Brown was engaged in criminal activity. *See United States v. Arvizu*, 534 U.S. 266, 273-74 (2002) (providing that when making a reasonable suspicion determination, courts must give due weight to officers' inferences based on their own experiences and training). Therefore, the officers did not commit a constitutional violation in stopping the vehicle.

Brown next contends that because reasonable suspicion did not support the stop of the vehicle, the search of the vehicle's trunk also violated his Fourth Amendment rights. The automobile exception to the Fourth Amendment allows police officers to conduct a warrantless search of a vehicle if, at the time of the search, "they have probable cause to believe that the vehicle contains contraband or other evidence of a crime." *United States v. Kennedy*, 427 F.3d 1136, 1140-41 (8th Cir. 2005). "Probable

cause sufficient to justify a search exists where, in the totality of the circumstances, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 1141.

The officers believed that the gun Brown displayed in Denny's Guns was located in the vehicle because they saw Brown return the gun to his pants' pocket and enter the vehicle, and they did not observe the gun being discarded from the vehicle as they followed it. Thus, the officers had probable cause to believe that the vehicle contained evidence of the Missouri crime of unlawful use of a weapon. *See id.* Because probable cause justified the search of the vehicle, it also justified the search of the trunk. *See United States v. Ross*, 456 U.S. 798, 825 (1982). Therefore, the district court did not err in denying Brown's motion to suppress because reasonable suspicion supported the initial stop of the vehicle and probable cause supported the search of the vehicle's trunk.

We next address Brown's contention that the district court erred in determining that his 2005 Kansas conviction for aiding a felon in the commission of an aggravated robbery qualified as a crime of violence under the guidelines section applicable to Brown's conviction, U.S.S.G. § 2K2.1(a)(4)(A). We review a criminal sentence for reasonableness, first ensuring that the district court committed no significant procedural error, which may include improperly calculating the advisory guidelines range. *Gall v. United States*, 552 U.S. ---, 128 S. Ct. 586, 597 (2007). We review de novo the district court's interpretation and application of the advisory guidelines. *United States v. Phelps*, 536 F.3d 862, 868 (8th Cir. 2008).

Kansas defines "aiding a felon" as "knowingly harboring, concealing or aiding any person who has committed a felony under the laws of this state . . . or another state or the United States with intent that such person shall avoid or escape from arrest, trial, conviction or punishment for such felony." Kan. Stat. Ann. § 21-3812(a). Aggravated robbery is defined as "a robbery . . . committed by a person who is armed

with a dangerous weapon or who inflicts bodily harm upon any person in the course of such robbery." Kan. Stat. Ann. § 21-3427. Robbery is "the taking of property from the person or presence of another by force or by threat of bodily harm to any person." Kan. Stat. Ann. § 21-3426.

Application note 1 to § 2K2.1 adopts the definition of "crime of violence" found in § 4B1.2(a), which provides:

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that --
>
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another

U.S.S.G. § 4B1.2(a). In determining whether a prior conviction qualifies as a crime of violence, we consider the legal elements of the crime, not the particularities of how the crime was committed on a specific occasion. *Begay v. United States*, 553 U.S. ---, 128 S. Ct. 1581, 1584 (2008).

Brown first asserts that "aiding a felon" does not qualify as a crime of violence under the advisory guidelines because the crime does not have as an element "the use, attempted use, or threatened use of physical force against the person of another." However, a "fundamental theory of American criminal law" is that an aider and abettor is guilty of the underlying offense. *See United States v. Baca-Valenzuela*, 118 F.3d 1223, 1232 (8th Cir. 1997). The sentencing guidelines consider a conviction for aiding and abetting the commission of an offense to be a conviction for the underlying offense. U.S.S.G. § 4B1.2, cmt. n.1 ("'Crime of violence' . . . include[s] the offense[]

of aiding and abetting."); *see also United States v. Oman*, 427 F.3d 1070, 1077 (8th Cir. 2005) (holding that a defendant's prior conviction for aiding and abetting a burglary was a crime of violence). Thus, when considering whether Brown's conviction for aiding a felon in the commission of an aggravated robbery qualifies as a crime of violence, we analyze the conviction as if it was for aggravated robbery.

Brown next asserts that his conviction no longer qualifies as a crime of violence after the Supreme Court's *Begay* decision. In *Begay*, the Court examined the "otherwise involves conduct that presents a serious potential risk of physical injury" provision of the similar violent felony definition in § 924(e)(1). *Begay*, 128 S. Ct. at 1586.[3] The Court determined that to qualify as a violent felony under the "otherwise" provision, the prior conviction had to be "purposeful, violent, and aggressive" and similar to the example crimes of "burglary, arson, extortion, and crimes involving the use of explosives." *Id*. In this case, however, Brown's conviction for aiding a felon in the commission of an aggravated robbery has as an element "the use, attempted use, or threatened use of physical force against the person of another." *See* Kan. Stat. Ann. § 21-3426; *see also* U.S.S.G. § 4B1.2, cmt. n.1 (defining "crime of violence" to include robbery); *cf. United States v. Dembry*, 535 F.3d 798, 801 (8th Cir. 2008) (finding that prior Illinois convictions for robbery qualify as violent felonies). Consequently, because Brown's conviction qualifies under § 4B1.2(a)(1), we need not reach the "otherwise" provision of § 4B1.2(a)(2) in determining that his prior conviction is a crime of violence. Because *Begay* dealt with the "otherwise" provision of the violent felony definition, it is inapplicable in this case. Therefore, we conclude that the district court properly determined that Brown's prior conviction qualified as

---

[3] *Begay* interpreted the term "violent felony" as it is used in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1). *Begay*, 128 S. Ct. at 1583. This case involves the interpretation of the term "crime of violence" as defined by U.S.S.G. § 4B1.2(a). We have not recognized a distinction between the definitions of "violent felony" under § 924(e)(1) and "crime of violence" under § 4B1.2(a). *See United States v. Williams*, 537 F.3d 969, 971 (8th Cir. 2008).

a crime of violence and committed no procedural error in determining Brown's advisory sentencing guidelines range.[4]

## III. CONCLUSION

For the reasons discussed above, we affirm Brown's conviction and sentence.

_____

_____

[4] Brown does not challenge the substantive reasonableness of his sentence; therefore, we need not address that issue. *See United States v. Diaz*, 546 F.3d 566, 568 (8th Cir. 2008).