# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-1641

_____

United States of America,

        Appellee,

      v.

Calshaun Hicks, also known as Joker,

        Appellant.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  District of Nebraska.
\*
\*  [UNPUBLISHED]
\*

_____

Submitted: March 29, 2010
Filed: April 1, 2010

_____

Before MELLOY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Calshaun Hicks challenges the sentence imposed on him by the district court[1] after he pleaded guilty to a cocaine-base conspiracy offense. On appeal, Hicks's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw, arguing that the district court improperly sentenced Hicks as a career offender, because the two convictions underlying career offender status were not "crimes of violence." See U.S.S.G. § 4B1.1 (career offender Guideline).

_____

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

We review de novo the district court's determination that a prior conviction constitutes a "crime of violence" for purposes of career offender status. See United States v. Davis, 583 F.3d 1081, 1092-93 (8th Cir. 2009). We conclude that Hicks's Nebraska conviction for attempted robbery qualifies as a crime of violence. See U.S.S.G. § 4B1.2(a)(1) (defining "crimes of violence" as crimes that have "as an element, the use, attempted use, or threatened use of physical force against the person of another"); Neb. Rev. Stat. § 28-324(1) (1989) ("person commits robbery if, with the intent to steal, he forcibly and by violence, or by putting in fear, takes from the person of another any money or personal property of any value whatever"); United States v. Sawyer, 588 F.3d 548, 555-56 (8th Cir. 2009) (attempted robbery was crime of violence); see also U.S.S.G. § 4B1.2, comment. (n.1). Hicks's federal conviction for aiding and abetting a carjacking is also a crime of violence. See 18 U.S.C. § 2119 (person commits carjacking if he takes motor vehicle "from the person or presence of another by force and violence or by intimidation"); United States v. Brown, 550 F.3d 724, 728 (8th Cir. 2008) (under Guidelines, "crime of violence" includes offense of aiding and abetting).

We reject counsel's additional argument that Hicks's sentence, which falls at the bottom of the Guidelines range, is unreasonable. See Rita v. United States, 551 U.S. 338, 347-50 (2007) (approving appellate presumption of reasonableness for sentences within properly calculated Guidelines range); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (standard of review). Finally, having reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), for any nonfrivolous issues, we find none.

Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____