United States Court of Appeals

For the Eighth Circuit

_____

No. 14-1013

_____

United States of America

*Plaintiff - Appellee*

v.

Daniel Lee Campbell

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Dubuque

_____

Submitted: June 9, 2014
Filed: July 1, 2014
[Unpublished]

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

On the evening of June 10, 2013, at approximately 11:00 p.m., the Dubuque Police Department received a 911 call that a male was displaying a handgun. Officer Jonathan Brokens arrived on the scene and observed Daniel Campbell, who matched the description of the male from the emergency call. When Officer Brokens exited his marked police car to speak to Campbell, Campbell fled and ran through an alley.

Officer Brokens chased Campbell and saw two guns in Campbell's hands. As Officer Brokens was chasing Campbell, Officer Alex Scott arrived in the alley. Officer Scott also began chasing Campbell. Campbell ignored the officers' commands to stop running, and both officers observed Campbell throw a gun from his left hand as he continued running through the alley. Soon after, Campbell lifted his right hand across the left side of his body and fired a single shot over his left shoulder with the second gun. Both officers, who were pursuing Campbell from behind him, heard a gunshot and saw a muzzle flash as Campbell fired the single shot. Campbell then threw the second gun as he continued to run from the officers. The officers eventually apprehended Campbell and arrested him. Officers searched the area where the shooting took place. They located both handguns where Officers Brokens and Scott observed Campbell throw them. The second handgun had a spent casing jammed in the gun along with a fully loaded magazine.

On June 27, 2013, a federal grand jury returned an indictment, charging Campbell with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). A jury found Campbell guilty. In calculating Campbell's advisory sentencing guidelines range, the district court[1] applied a four-level enhancement under USSG § 2K2.1(b)(6) for possessing a firearm in connection with another felony offense. The court found that Campbell had violated Iowa Code § 708.8, which provides that "[a] person who goes armed with any dangerous weapon with the intent to use without justification such weapon against the person of another person" commits the felony of "going armed with intent." The district court also applied a six-level enhancement under § 3A1.2(c)(1) for creating a substantial risk of bodily injury to police officers during flight. Based upon a total offense level of 26 and Campbell's criminal history category of III, Campbell's advisory sentencing guidelines range was

---

[1]The Honorable James E. Gritzner, Chief Judge, United States District Court for the Southern District of Iowa, sitting by designation in the Northern District of Iowa.

78 months' to 97 months' imprisonment. The court sentenced him to 97 months' imprisonment, from which Campbell now appeals.

Campbell first challenges the district court's application of the four-level enhancement under USSG § 2K2.1(b)(6) for possession of a firearm in connection with another felony offense. "We review this finding for clear error and consider whether [Campbell's] actions supported the district court's finding that [he] committed going armed with intent under Iowa Code § 708.8." *United States v. Mosley*, 672 F.3d 586, 589 (8th Cir. 2012) (internal citation omitted). "Iowa Code § 708.8 'requires proof that the defendant carried a dangerous weapon with the specific intent to use it to inflict serious injury.'" *Id.* (quoting *United States v. Gomez-Hernandez*, 300 F.3d 974, 980 (8th Cir. 2002)). Campbell claims that his actions did not violate § 708.8 because he lacked the specific intent to inflict serious injury on Officers Brokens and Scott. Campbell claims that the evidence only supports a finding that he accidentally discharged the gun or, at most, supports a finding that he intended to scare the officers. He argues that he accidentally fired the weapon because he had just thrown the gun in his left hand in a "sweeping motion." Thus, he claims, "[t]he natural motion to throw the gun in his right hand a distance to the right would have been for [him] to bring his right arm up toward his left shoulder and then fling the gun to his right," and he "could easily have accidentally pulled the trigger." He contends that the evidence, at most, supports a finding that he intended to scare, not injure, the officers because he did not aim the gun at the officers. Campbell points to Officer Scott's testimony that Officer Scott and Officer Brokens were behind Campbell to his right when Campbell fired the shot over his left shoulder. He claims that this testimony demonstrates that he did not aim the gun at the officers as he would have if he had intended to injure them.

The district court did not clearly err in finding that Campbell intended to use the gun to inflict serious injury. When Campbell saw Officer Brokens, he immediately fled down an alley. As Campbell fled from Officers Brokens and Scott,

he ignored their commands to stop running. Campbell then fired a shot over his left shoulder behind him in the general direction of where the officers were pursuing him. Both officers heard the shot and saw the flash of the muzzle. After Campbell fired the shot, the spent casing jammed in the gun. Campbell then discarded the weapon and continued running. In light of the fact that Campbell fired a shot over his left shoulder when the officers were pursuing him from behind at night in a dark alley, the district court did not clearly err by concluding that Campbell had the specific intent to inflict serious injury. *See United States v. Olson*, 646 F.3d 569, 573-74 (8th Cir. 2011) (holding that "intend[ing] to escape by firing [a] weapon at the officers. . . . would constitute . . . attempted battery;" that is, "an intended effort to cause bodily harm to another which falls short of success"); *see also Mosley*, 672 F.3d at 589 (holding that it was not clearly erroneous for the district court to conclude that the defendant intended to inflict serious injury where the defendant was carrying a weapon and making threats against another person).[2]

Campbell next argues that the district court erred in applying the six-level enhancement under USSG § 3A1.2(c)(1).

> Section 3A1.2 provides a six-level enhancement to the base offense level for any defendant, who "knowing or having reasonable cause to believe that a person was a law enforcement officer, assaulted such officer during the course of the offense or immediate flight therefrom" and did so "in a manner creating a substantial risk of seriously bodily injury."

---

[2]For the first time in his reply brief, Campbell argues that the district court erred in applying this enhancement because the Government did not present any evidence that he had the specific intent to harm another person at the time he armed himself, which he claims is required in order to violate Iowa Code § 708.8. *See State v. Matlock*, 715 N.W.2d 1, 6 (Iowa 2006). However, Campbell did not raise this argument in his opening brief, so it is waived. *See United States v. Anderson*, 570 F.3d 1025, 1031 n.3 (8th Cir. 2009).

*Olson*, 646 F.3d at 572 (quoting USSG § 3A1.2(c)(1)). The enhancement applies if a defendant intends to cause bodily harm or intends to cause, and reasonably does cause, the victim to fear immediate bodily injury. *See id.* at 573. Campbell asserts that the evidence does not support a finding that he intended to harm the officers or intended to cause them to experience fear. Again, we review the district court's factual findings only for clear error. *Id.* at 574. As we concluded above, it was not clearly erroneous for the district court to find that Campbell intended to cause serious bodily injury when he shot in the general direction of the officers pursuing him at night in a dark alley as he fled. And for those same reasons, it was not clearly erroneous for the court to conclude that Campbell intended to cause Officers Brokens and Scott to experience fear of immediate bodily injury when Campbell pointed a gun over his shoulder and fired a shot in the general direction of the officers.

Accordingly, we affirm Campbell's sentence.[3]

_____

[3]As Campbell does not challenge the substantive reasonableness of his sentence, we need not address that issue. *See United States v. Brown*, 550 F.3d 724, 729 n.4 (8th Cir. 2008).