# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2399
_____

United States of America

*Plaintiff - Appellee*

v.

Jonathon Adam Lamb

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport
_____

Submitted: December 17, 2015
Filed: April 5, 2016
[Unpublished]
_____

Before WOLLMAN, BRIGHT, and LOKEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Jonathon Adam Lamb pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court[1] sentenced Lamb to 180

---

[1]The Honorable John A. Jarvey, Chief Judge of the United States District Court for the Southern District of Iowa.

months in prison, the mandatory minimum sentence prescribed for a defendant who has three prior "violent felony" convictions, as that term is defined in 18 U.S.C. § 924(e)(2)(B). Lamb appeals, arguing that his two prior Michigan unarmed robbery convictions were not crimes that have "as an element the use, attempted use, or threatened use of physical force against the person of another," § 924(e)(2)(B)(i); and that his prior Wisconsin burglary conviction was not the crime of generic burglary enumerated in § 924(e)(2)(B)(ii). Reviewing these issues *de novo*, and applying the Supreme Court's categorical approach that focuses on the elements of the offenses, we affirm.

1. The Michigan Convictions. The phrase "physical force" in § 924(e)(2)(B)(i) "means *violent* force -- that is, force capable of causing physical pain or injury to another person." Johnson v. United States, 130 S. Ct. 1265, 1271 (2010). Lamb pleaded guilty to charges that, on consecutive days in July 2000, he committed unarmed robbery in violation of § 750.530 of the Michigan Penal Code when he "did feloniously rob, steal and take from [another] person . . . certain property . . . by force and violence or by assault or putting in fear, but not while being armed with a dangerous weapon." In United States v. Tirrell, the Seventh Circuit held that a Michigan conviction for attempted unarmed robbery was a violent felony under § 924(e)(2)(B)(i) because "under Michigan law, the element of putting in fear means threatening the use of physical force against the person of another." 120 F.3d 670, 680 (7th Cir. 1997). In People v. Randolph, 648 N.W.2d 164 (Mich. 2002), the Supreme Court of Michigan confirmed this analysis of its unarmed robbery statute. The Court explained that this statute, first enacted in 1838, "adopted the common-law definition of robbery . . . . At common law the elements of the offense of robbery were the felonious and forcible taking [of property], from the person of another . . . by violence or putting him in fear." Id. at 167 (quotation omitted). "The rule is simple: a defendant commits an unarmed robbery when he takes the property of another by the use of force, violence, or putting in fear." Id. at 174.

Though we have not considered this Michigan statute, we have repeatedly held that robbery convictions under the laws of other States were violent felonies, applying the "physical force" criterion of 18 U.S.C. § 924(e)(2)(B)(i). See United States v. Hicks, 374 F. App'x 673, 673-74 (8th Cir. 2010) (Nebraska attempted robbery); United States v. Forrest, 611 F.3d 908, 911 (8th Cir.) (Colorado robbery), cert. denied, 562 U.S. 1053 (2010); United States v. Sawyer, 588 F.3d 548, 555-56 (8th Cir. 2009) (Arkansas attempted robbery); United States v. Brown, 550 F.3d 724, 728-29 (8th Cir. 2008) (Kansas aiding a felon to commit aggravated robbery).

On appeal, Lamb argues that the language in the Michigan statute, "or by assault or putting in fear," prohibits takings that do not "facially or logically" require the actual or attempted use of violent force. In Johnson, the Supreme Court held that a Florida aggravated battery conviction did not categorically require use of "physical force" because the Florida Supreme Court interpreted the battery of "intentionally touching" to include any unwanted contact "no matter how slight." 130 S. Ct. at 1269-70 (quotation omitted). Similarly, in United States v. Ossana, we noted that a state conviction for simple assault would not be a violent felony under Johnson if the statute broadly included touching another person with intent to insult or provoke. 638 F.3d 895, 900 (8th Cir. 2011).

Like the district court, we conclude that these precedents do not apply to the Michigan statute at issue. The term, "assault or putting in fear," as construed by the Supreme Court of Michigan, is clearly limited to conduct that accomplishes a forceful taking (or attempted taking) by using violence or the threat of violence to put the victim in fear of "immediate personal injury." See Randolph, 648 N.W.2d at 167-68 & n.6 (quotation omitted). "[R]obbery is a larceny aggravated by the fact that the taking is from the person, or in his presence, accomplished with force of the threat of force." Id. at 171. The district court correctly concluded that Lamb's prior Michigan robbery convictions were violent felonies under 18 U.S.C. § 924(e)(2)(B)(i).

2. The Wisconsin Conviction.  In 2006, Lamb was convicted of burglary in violation of Wis. Stat. § 943.10(1m)(a).  The statute prohibits intentionally entering a building or dwelling without consent and with intent to steal or commit a felony. Lamb argues this crime does not fall within the enumerated offense of generic burglary in 18 U.S.C. § 924(e)(2)(B)(ii) because the alternative of unlawfully entering a "dwelling" might encompass non-generic places such as vehicles or curtilage.

When a divisible statute is overinclusive, encompassing multiple crimes only some of which are crimes of violence, we apply a modified categorical approach that allows the sentencing court to look at the charging document or other judicial records to determine whether the defendant's prior offense was a violent felony, here, generic burglary.  See Johnson, 130 S. Ct. at 1273.  Lamb's Presentence Investigation Report recited (without objection), and the government introduced at the sentencing hearing, the Criminal Complaint from the Circuit Court of Sauk County, Wisconsin, charging that Lamb "did intentionally enter a building, Dairy Queen, without the consent of the person in lawful possession of the place, and with intent to steal, money," in violation of Wis. Stat. § 943.10(1m)(a).  Assuming without deciding that this Wisconsin burglary statute is overinclusive, the charging document established that Lamb was convicted of a violent felony, generic burglary.  See, e.g., United States v. Mathis, 786 F.3d 1068, 1074-75 (8th Cir. 2015) (construing a similar Iowa burglary statute), cert. granted, 136 S. Ct. 894 (2016).

The judgment of the district court is affirmed.

_____