**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 11, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD KEITH DEMBRY,

    Petitioner - Appellant,

v.

DON HUDSON, Warden,[*]

    Respondent - Appellee.

No. 19-3224
(D.C. No. 5:19-CV-03162-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[**]
_____

Before **LUCERO**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

Appellant Edward Keith Dembry is a federal prisoner currently incarcerated in

Kansas, appearing pro se.[1] He appeals the United States District Court for the District

of Kansas's sua sponte dismissal of his 28 U.S.C. § 2241 petition. Exercising

---

[*] We have substituted the current warden at Leavenworth for the former warden under Fed. R. App. P. 43(c)(4).

[**] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Dembry appears pro se, we liberally construe his pleadings but do not serve as his advocate. *See, e.g.*, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

jurisdiction under 28 U.S.C. § 1291,[2] we affirm and deny his motion to proceed *in forma pauperis*.

## BACKGROUND

In 2007, a jury convicted Dembry of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). *See United States v. Dembry*, 535 F.3d 798, 799 (8th Cir. 2008). The United States District Court for the Southern District of Iowa sentenced him to 265 months' imprisonment after applying the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). *Id.* Dembry appealed his sentence to the Eighth Circuit Court of Appeals, which affirmed. *Id.*

The Kansas district court provides a succinct summary of Dembry's attempts to obtain postconviction relief. *See Dembry v. English*, No. 19-3162-JWL, 2019 WL 4601558, at *1 (D. Kan. Sept. 23, 2019). We briefly repeat this history to provide context to the current appeal. Dembry filed his first 28 U.S.C. § 2255 motion in the Southern District of Iowa, which it denied. *See id.* His corresponding petitions for a Certificate of Appealability (COA) and for a writ of certiorari were also denied. *See id.* Invoking Federal Rule of Civil Procedure 60(b), he moved the district court to reconsider, which the court denied as an unauthorized second § 2255 motion. *See id.*

---

[2] A federal prisoner need not seek a certificate of appealability to appeal a final order in a § 2241 proceeding. *See McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 810 n.1 (10th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 165–66 (10th Cir. 1996)).

In 2013, Dembry filed a motion for audita querela,[3] which the district court construed as a § 2255 motion and dismissed, and the Eighth Circuit denied a COA. *See id.* He then filed another § 2255 motion that the district court dismissed, again followed by the Eighth Circuit denying a COA. *See id.* In 2016, the Eighth Circuit allowed him to file a successive § 2255 motion, which it ultimately denied. *See id.*; *see also Dembry v. United States*, 914 F.3d 1185, 1186 (8th Cir. 2019) (affirming denial). Dembry has also filed § 2241 petitions in the Southern District of Indiana and the Western District of Pennsylvania. *Dembry v. English*, 2019 WL 4601558, at *1.

In August 2019, Dembry filed the subject § 2241 petition. He seeks immediate release, alleging that he is actually innocent in light of the United States Supreme Court's recent decision *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and also challenging the sentencing court's finding of the three qualifying convictions required for ACCA's application. The district court dismissed this petition without prejudice, concluding that it did not have statutory jurisdiction because Dembry had failed to show that § 2255's remedy is inadequate or ineffective. *Dembry v. English*, 2019 WL 4601558, at *4.

## ANALYSIS

We review de novo the district court's denial of Dembry's § 2241 petition. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996) (citing *Bowser v. Boggs*, 20

---

[3] "[A] writ of audita querela is used to challenge 'a judgment that was correct at the time rendered but which is rendered infirm by matters which arise after its rendition.'" *United States v. Torres*, 282 F.3d 1241, 1245 n.6 (10th Cir. 2002) (quoting *United States v. Reyes*, 945 F.2d 862, 863 n.1 (5th Cir. 1991)).

3

F.3d 1060, 1062 (10th Cir. 1994)). "Congress has told us that federal prisoners challenging the validity of their convictions or sentences may seek and win relief only under the pathways prescribed by § 2255." *Prost v. Anderson*, 636 F.3d 578, 580 (10th Cir. 2011). The one exception to this rule, § 2241, is available "only if the § 2255 remedial mechanism is 'inadequate or ineffective to test the legality of [the prisoner's] detention.'" *Id.* (quoting 28 U.S.C. § 2255(e)). The prisoner must establish that the opportunity to pursue claims under § 2255 is "genuinely absent" to seek redress under § 2241. *Id.* at 588. If the prisoner fails to establish that § 2255's remedy is inadequate or ineffective, the court lacks statutory jurisdiction to consider the prisoner's § 2241 motion. *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013).

To determine whether a prisoner may use § 2255(e)'s savings clause and proceed via § 2241, we examine whether the prisoner's "argument challenging the legality of his detention could have been tested in an initial § 2255 motion." *Prost*, 636 F.3d at 584. Section 2255 motions are used to attack a prisoner's sentence or conviction but § 2241 petitions are used to attack the nature of confinement. *Id.* at 581. Here, Dembry's claims regarding *Rehaif* and ACCA properly belong in a § 2255 motion because these claims challenge his conviction and not the nature of his confinement. *See id.* Dembry has, in fact, already used § 2255 to challenge his ACCA sentence under *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), and the Eighth Circuit denied him relief. *See Dembry v. United States*, 914 F.3d at 1188. Any argument that this denial was erroneous

4

"does not render the procedural mechanism Congress provided for bringing that claim . . . an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Prost*, 636 F.3d at 590. Further, that *Rehaif* did not exist when Dembry initially filed his § 2255 motion or that adverse circuit precedent existed at the time does not render § 2255's procedure ineffective or inadequate. *See id.* at 589–93. The savings clause in § 2255(e) does not apply here and the district court properly concluded it lacked jurisdiction to review Dembry's § 2241 petition.

Further, Dembry has not attempted to show that § 2255(e)'s savings clause applies besides merely stating that § 2255's remedy is ineffective. His argument on appeal seems to be only that we should sidestep the statutory-jurisdictional bar and reach the merits "as a matter of 'due process.'" Opening Br. at 4. But Dembry is receiving the process that is due, and he has not asserted that denying him access to § 2241 presents a constitutional issue. We must follow Congress's mandate and require Dembry to pursue his claims via § 2255's procedure. The district court properly dismissed without prejudice Dembry's § 2241 petition.

Dembry also filed a motion to proceed *in forma pauperis*. "In order to succeed on his motion, an appellant must show a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (citing 28 U.S.C. § 1915(a); *Coppedge v. United States*, 369 U.S. 438 (1962); *Ragan v. Cox*, 305 F.2d 58 (10th Cir. 1962)). Because Dembry simply

stated that § 2255's remedy is ineffective without argument, we cannot grant his motion.

## CONCLUSION

We affirm the district court's dismissal of Dembry's petition for lack of statutory jurisdiction and deny Dembry's motion to proceed *in forma pauperis*.

Entered for the Court


Gregory A. Phillips
Circuit Judge