**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

EDWARD KEITH DEMBRY,

     Petitioner - Appellant,

v.

DON HUDSON, Warden, USP-
Leavenworth,

     Respondent - Appellee.

No. 20-3031
(D.C. No. 5:20-CV-03043-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **MORITZ**, Circuit Judges.[**]
_____

Petitioner filed a 28 U.S.C. § 2241 petition in the District of Kansas alleging he

is actually innocent in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019). The

district court dismissed the petition without prejudice for lack of statutory jurisdiction.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm. [1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1] Petitioner requests we appoint counsel to represent him. A defendant generally has no right to counsel in a § 2241 proceeding because "the right to appointed counsel

\* \* \*

In 2007, a jury convicted Petitioner of being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). The Southern District of Iowa sentenced him to 265 months' imprisonment after finding Petitioner qualified as an armed career criminal. *See* 18 U.S.C. § 924(e). Petitioner appealed and the Eighth Circuit affirmed. *United States v. Dembry*, 535 F.3d 798 (8th Cir. 2008). Thereafter, Petitioner filed a series of collateral attacks on his conviction and sentence including three § 2255 motions; a Rule 60(b) motion, which was construed as a § 2255 motion; a "Motion for Audita Querela," which was also construed as a § 2255 motion; and two petitions under § 2241. All of these efforts to obtain post-conviction relief were denied.

Most recently, in August 2019, Petitioner filed a § 2241 petition in the District of Kanas alleging, in relevant part, the same claims raised here. That is, Petitioner alleged he is actually innocent in light of *Rehaif*. 139 S. Ct. 2191. The district court denied the petition for lack of statutory jurisdiction, finding that Petitioner failed to show the remedy available under § 2255 is inadequate or ineffective. We affirmed. *See Dembry v. Hudson*, No. 19-3224, 2019 WL 6724427 (10th Cir. Dec. 11, 2019).

\* \* \*

In the instant petition, Petitioner raises no claims for relief that he did not already present to this Court in *Dembry v. Hudson*. 2019 WL 6724427. Petitioner again claims he

extends to the first appeal of right, and no further." *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). We find appointment of counsel is not warranted in this case. Thus, Petitioner's request for counsel is denied.

2

is actually innocent in light of *Rehaif*, and, like in his prior petition, argues we are denying him due process by declining to review the merits of his claim. We see no need to write at length when Petitioner's claims have already been reviewed and rejected. As we explained in *Dembry*, Petitioner's claims "properly belong in a § 2255 motion." 2019 WL 6724427, at *2. Petitioner has not established that § 2255's remedy is inadequate or ineffective and therefore, "the district court properly concluded it lacked jurisdiction to review [Petitioner's] § 2241 petition." *Id.* Accordingly, we AFFIRM for substantially the same reasons provided in the district court's order and our prior opinion.


                                         Entered for the Court


                                         Bobby R. Baldock
                                         Circuit Judge